IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SAMUEL ZUCKER d/b/a SAMUEL ZUCKER REALTY; | ) ) | |
| Plaintiff, | ) | Case Number: |
| -vs- | ) | District Judge: |
| | ) | |
| AARON ROTTENBERG a/k/a AHARON ROTTENBERG | ) ) | Magistrate Judge: |
| SHEILAH ROTTENBERG his wife; | ) | |
| YOMAH, INC.; | ) | |
| CLAYTON BLOCK COMPANY, INC. | ) | |
| RALPH CLAYTON & SONS; | ) | |
| THOMAS BIERSZCAD MASONRY; | ) | |
| RACHEL REINER and JOSEPH REINER; | ) | |
| EDWARD F. LISTON, JR., ESQ.; | ) | |
| DINASO & SONS BUILDING SUPPLY CO.; | ) | |
| SOVEREIGN BANK; | ) | |

### COMPLAINT TO FORECLOSE MORTGAGE AND SUIT ON NOTE

Plaintiff, Samuel Zucker d/b/a Samuel Zucker Realty, by and through undersigned counsel, as and for its Complaint to foreclose a mortgage, states as follows:

### NATURE OF ACTION

1. This is an action seeking, inter alia, a final judgment of foreclosure concerning a note and mortgage held by the Plaintiff, as well as a judgment upon the underlying obligation(s).

### PARTIES

2. Plaintiff is Samuel Zucker ("Lender"), doing business as Samuel Zucker Realty, and is a citizen of the State of New York.

3.  Defendants, Aaron Rottenberg a/k/a Aharon Rottenberg and Sheilah Rottenberg and Yomah, Inc., also known as "Borrowers", are citizens of the State of New Jersey.

4.  Clayton Block Company, Inc. is a resident and/or citizen of the State of New Jersey.

5.  Ralph Clayton & Sons is a resident and/or citizen of the State of New Jersey.

6.  THOMAS BIERSZCAD MASONRY is a resident and/or citizen of the State of New Jersey.

7.  Rachel Reiner is a resident and/or citizen of the State of New Jersey.

8.  Joseph Reiner is a resident and/or citizen of the State of New Jersey.

9.  Edward F. Liston, Jr., Esq. is a resident and/or citizen of the State of New Jersey.

10. Dinaso & Sons Building Supply Co. is a resident and/or citizen of the State of New Jersey.

11. Sovereign Bank is a resident and/or citizen of the State of New Jersey.

## JURISDICTION AND VENUE

12. Jurisdiction is conferred upon this Court by diversity of citizenship. 28 U.S.C. §1332. There is complete diversity and the matters in controversy, exclusive of interest and costs, exceed the sum of $75,000.00.

-2-

13. Venue is proper in this District because the Mortgage at issue is secured by property located in this District and because a substantial part of the events or omissions giving rise to the claim occurred here. 28 U.S.C. §1391, §1392.

### FIRST CAUSE OF ACTION
### Action for Foreclosure of a Mortgage

14. On February 9, 2003, Borrowers executed a Note in favor of Samuel Zucker, by virtue of which Borrowers became indebted in the principal amount of $750,000.00.

15. To secure payment of the note, Borrowers executed and delivered to Lender a certain Mortgage dated February 9, 2003, secured by Borrowers' real property located in the municipality of Lakewood Township, in the County of Ocean, and State of New Jersey, commonly known as 207 Carey Street, and Block 110 Lot 2 on the tax map.

16. The property is the same property which was conveyed to Aharon Rottenberg and Sheilah Rottenberg his wife by Deed from Sara Reiner, Widow, and Israel Feldman, Married, dated December 2, 1991 and recorded with the Clerk of Ocean County December 17, 1991 in Deed Book 4949 Page 0651.

17. The Mortgage was recorded with the Clerk/Register of the County of Ocean on March 11, 2003, in Mortgage Book 11284 at Page 1873.

18. The plaintiff owns and holds the note and mortgage.

19. Yomah, Inc. executed a second Note on June 18, 2004 for

-3-

$515,000.00 in favor of Samuel Zucker Realty.

20.   As part of the Yomah Note, Aaron Rottenberg a/k/a Aharon Rottenberg and Sheilah Rottenberg executed a personal guaranty.

21.   Also in connection the Yomah Note, Aaron Rottenberg a/k/a Aharon Rottenberg and Sheilah Rottenberg executed a Modification Modification Agreement dated June 18, 2004 and recorded July 14, 2004 in Mortgage Book 12166 Page 1062 as Instrument Number 2004144831 to secure the sums owed by Yomah, Inc. and the Guaranty.

22.   Aaron Rottenberg a/k/a Aharon Rottenberg and Sheilah Rottenberg and Yomah, Inc., defaulted on the terms of the various agreements, notes and mortgages.

23.   Plaintiff commenced a proceeding against Aaron Rottenberg a/k/a Aharon Rottenberg in a Jewish religious Court known as a Bet Din, specifically the Rabbinical Court of Mechon L'Hoyroa, and Aaron Rottenberg a/k/a Aharon Rottenberg agreed, in writing, to participate and be bound by the decision of such tribunal.

24.   The religious court issued a decree which determined that Aaron Rottenberg a/k/a Aharon Rottenberg is indebted to Plaintiff for the principal remaining sum of $417,000.00, accrued interest of $412,493.00 up to and including September 22, 2009, for a total of $829,493.00 as of September 22, 2009.

-4-

25.  The religious court further decreed that Aaron Rottenberg a/k/a Aharon Rottenberg be liable to Plaintiff for additional interest at ten (10%) percent per annum on the unpaid principal from September 22, 2009 until the date of payment.

26.  The Mortgaged Premises are more fully described on the metes and bounds description annexed hereto as Exhibit A. This legal description is contained within the Mortgage.

27.  The Note and Mortgage recite that a default shall occur if the Borrower fails to pay any principal, interest, or other sums due under the Note when any such amount becomes due and payable and such default continues for a specific period of time.

28.  The Note and Mortgage further recite that a default shall occur if the Mortgagor shall fail to pay or discharge any tax, including real estate tax, sewer and water assessment, when any such amount becomes due and payable.

29.  The Note and Mortgage also provide that upon the happening of an Event of Default, all sums owing thereunder may, at Lender's option, be declared immediately due and payable.

30.  Pursuant to the terms of the Note and Mortgage, the mortgagee is entitled to recover reasonable attorneys' fees, court costs, title costs, and other expenses which Plaintiff has been and will be required to expend in the prosecution of this foreclosure.

-5-

31. Plaintiff has elected to declare the whole of the principal sum remaining unpaid, together with interest thereon, immediately due and payable. Plaintiff confirms this election by the filing of this Complaint.

32. Despite written demand made on January 19, 2010, the sums under the Note have not been paid and remain unpaid as of the present date.

33. There are currently due from Borrowers on the Note the following sums

   a.   Principal, $417,000.00

   b.   Interest to September 22, 2009, $412,493.00

   c.   Interest due after September 22, 2009;

34. The total outstanding indebtedness on the Note as of September 22, 2009, is $829,493.00, together with such further sums as may become due during the pendency of this lawsuit under the Note and Mortgage.

35. In order to protect the security of the Mortgage, Plaintiff may be obliged, during the pendency of this action, to pay taxes, assessments, insurance premiums, costs of repairs, and other costs and expenses. Pursuant to the Mortgage, any sums so paid are to be added to the amount due on the Note and Mortgage.

36. The following instruments or judgments appear of record which affect or may affect the premises described herein:

-6-

37.  Clayton Block Company, Inc. and Ralph Clayton & Sons recovered a judgment for $44,365.14 in the Superior Court of New Jersey against Aaron Rottenberg and Yomah, Inc., bearing Judgment Number J-209375-2008 and arising from Case OCN-L-1624-08.

38.  THOMAS BIERSZCAD MASONRY recovered a judgment for $116,058.00 in the Superior Court of New Jersey against Yomah, Inc., bearing Judgment Number J-072897-2009 and arising from Case OCN-L-1999-07.

39.  Rachel Reiner and Joseph Reiner recovered a judgment for $26,000.00 in the Superior Court of New Jersey against Aharon Rottenberg and Kedma I, Inc., bearing Judgment Number J-159950-2009 and arising from Case OCN-L-418-08. Additionally, Edward F. Liston, Jr., Esq. was awarded a judgment in the same case for attorney fees of $410.32.

40.  Dinaso & Sons Building Supply Co. recovered a judgment for $49,784.94 in the Superior Court of New Jersey against Yomah, Inc., bearing Judgment Number J-217570-2009 and arising from Case MON-L-898-09.

41.  Dinaso & Sons Building Supply Co. recovered a judgment for $160,836.94 in the Superior Court of New Jersey against Aharon Rottenbe a/k/a Aaron Rottnberg and Negba Bus Service, Inc., bearing Judgment Number J-249120-2009 and arising from Case MON-L-797-09.

42.  Dinaso & Sons Building Supply Co. recovered a judgment for

$31,120.35 in the Superior Court of New Jersey against Aharon Rottenberg and Lakewood Cheder School, Inc., bearing Judgment Number J-249544-2009 and arising from Case MON-L-896-09.

43. Dinaso & Sons Building Supply Co. recovered a judgment for $10,350.20 in the Superior Court of New Jersey against Yeshiva A. Toras Chaim and Aharon Rottenberg, bearing Judgment Number DJ-160671-2009 and arising from Case OCN-DC-23063-08.

44. Sovereign Bank recovered a judgment for $12,985,270.83 in the Superior Court of New Jersey against Yomah, Inc., Kedma I, Inc., Aharon Rottenberg, and Sheilah Rottenberg, bearing Judgment Number J-280577-2009 and arising from Case OCN-L-3784-08.

45. Any interest or lien which any Defendant herein has or claims to have in or upon the said Premises, or some part thereof, is subject and subordinate to the lien of the Plaintiff's Mortgage.

46. Notice was sent in compliance with the New Jersey Fair Foreclosure Act more than thirty-one (31) days ago.

WHEREFORE, Plaintiff demands judgment:

(a) Fixing the amount due on its note and mortgage and declaring the mortgage to be prior to any and all interests of the Defendants;

(b) Directing that plaintiff be paid the amount due on the note and mortgage, with interest, advances and costs;

(c) Adjudging the real property mortgaged be sold according to the law to satisfy the amount due the plaintiff;

(d) Foreclosing and barring the defendants, and each of them, of all equity of redemption in and to such of said real property as shall be sold; and

(E) appointing a receiver of rents, issues and profits of the lands and premises;

## SECOND CAUSE OF ACTION
### Right of Possession

47. Plaintiff repeats the above allegations as if set forth here at length.

48. By the terms of the Note and Mortgage, Plaintiff is entitled to possession of the premises, with the appurtenances.

49. Plaintiff's right of possession accrued upon default.

50. Defendants, Aaron Rottenberg a/k/a Aharon Rottenberg and Sheilah Rottenberg, are in possession of the property and have at all times deprived plaintiff possession of the property.

WHEREFORE, Plaintiff demands judgment:

(a) That plaintiff, plaintiff's assignee or the purchaser at the foreclosure sale recover possession of the mortgaged real property against said defendants or anyone holding under them;

(b) Damages for mesne profits;

(c) Costs for this proceeding; and

(d) For such other relief as the court may deem just and equitable.

-9-

### THIRD CAUSE OF ACTION
### Suit on Note

51.  Plaintiff repeats the above allegations as if set forth here at length.

52.  Pursuant to the terms of the Notes and Agreements set forth herein, Defendants Aaron Rottenberg a/k/a Aharon Rottenberg and Sheilah Rottenberg and Yomah, Inc. are indebted to Plaintiff for unpaid principal of $417,000.00, accrued interest to September 22, 2009 of $412,493.00, for a total of $829,493.00, plus interest thereafter at the rate of ten (10%) percent.

WHEREFORE, Plaintiff demands judgment against the Defendants, together with costs, counsel fees, and such other relief as this Court determines to be fair, just and proper.

Dated: February 22, 2010

                        /s/ Adam D. Greenberg
                        Adam D. Greenberg, Esq.
                        HONIG & GREENBERG, L.L.C.
                        Attorneys for Plaintiff

## NOTICE REGARDING SURPLUS MONIES, IF ANY

If after the sale and satisfaction of the judgment and costs there remains any surplus monies, the money will be deposited with the Clerk of the United States District Court and any person claiming the surplus, or any part thereof, may file a motion stating the nature and extent of that person's claim and asking for an order directing payment of the surplus money. The Sheriff, Marshall, or other person conducting the sale will have information regarding the surplus, if any.

Dated: February 22, 2010

/s/ Adam D. Greenberg
Adam D. Greenberg, Esq.
HONIG & GREENBERG, L.L.C.
Attorneys for Plaintiff

## CERTIFICATION

In accordance with N.J. Court Rule 4:5-1 or its federal equivalent, I certify that the matter in controversy is not the subject of any action pending in any Court or pending arbitration proceeding. There is no other action or arbitration proceeding contemplated, nor is there any other party who should be joined in this action.

Dated: February 22, 2010

/s/ Adam D. Greenberg
Adam D. Greenberg, Esq.
HONIG & GREENBERG, L.L.C.
Attorneys for Plaintiff

-11-

In accordance with N.J. Court Rule 4:5-1(b)(2) insofar as same may be applicable in this Court, I certify that pursuant to N.J.Court Rule 4:64-1(a), prior to filing the within complaint, I have caused a title search of the public record to be made for the purpose of identifying any lien holders or other persons or entities with an interest in the property that is the subject of this foreclosure.

Dated: February 22, 2010

/s/ Adam D. Greenberg
Adam D. Greenberg, Esq.
HONIG & GREENBERG, L.L.C.
Attorneys for Plaintiff


**LAW OFFICES**
**HONIG & GREENBERG, L.L.C.**
By: Adam D. Greenberg, Esq. (AG7719)
1949 Berlin Road
Suite 200
Cherry Hill, N.J. 08003-3737
Tel. (856)770-0990
Fax. (856) 770-8511
AGREENBERG@HGLLCLAW.COM
Attorneys for Plaintiff

NOTICE REQUIRED BY THE
FAIR DEBT COLLECTION
PRACTICES ACT, (the act),
15 U.S.C. SECTION 1601 as Amended

1.  The amount of the debt is stated in the complaint attached hereto.

2.  The plaintiff who is named in the attached summons and complaint is the creditor to whom the debt is owed.

3.  The debt described in the complaint attached hereto and evidenced by the copy of the mortgage note will be assumed to be valid by the creditor's law firm, unless the debtors, within thirty days after receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4.  If the debtor notifies the creditor's law firm in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5.  If the creditor who is named as plaintiff in the attached summons and complaint is not the original creditor, and if the debtor makes written request to the creditor's law firm within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6.  Written request should be addressed Honig & Greenberg, L.L.C., 1949 Berlin Road, Suite 200, Cherry Hill, N.J. 08003-3737.

The foreclosure action in the attached complaint is an attempt to collect a debt and any information obtained will be used for that purpose.

-13-

**LEGAL DESCRIPTION**

See Annexed Exhibit A.